The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL SURYAN,<br><br>　　　　　　　　　Defendant. | NO. 2:19-cr-00082-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Michael Suryan's motion for compassionate release. Dkt. 18. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Suryan is a 61-year-old inmate who is currently detained at Federal Correctional Institution Sheridan, with a projected release date of November 26, 2023. On April 25, 2019, he pled guilty to one count of Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2. Dkt. 8. On July 26, 2019, this Court sentenced Mr. Suryan to 70 months of imprisonment, to be followed by five years of supervised release. Dkt. 16. The Court ordered this sentence to run concurrently with the disposition sentence imposed by the Court on that date related to Mr. Suryan's supervised release violation under an earlier conviction for bank fraud and identity theft. *See United States v. Suryan*, 2:13-cr-00037-RAJ.

Mr. Suryan has now filed a motion for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served, with the remainder of his sentence to be served on home confinement, in a residentiary re-entry center program (RRC), or a combination thereof.  Dkt. 18.

## II. DISCUSSION

### A.   Legal Standard for Compassionate Release

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the Bureau of Prisons Director could file such a motion, that limitation has been revised.  As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the Bureau of Prisons and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons."  Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.  The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental

condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise. '" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

Mr. Suryan's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

///

### B. Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Suryan's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). In April 2020, Mr. Suryan made a request for compassionate release to the warden at FCI Sheridan. Dkt. 18, Ex. B. On June 25, 2020, Mr. Suryan renewed his request through a letter from his counsel to the warden. Dkt. 18, Ex. C. There is no evidence that Mr. Suryan received a response. Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Suryan's motion is now properly before the Court.

### C. Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Suryan's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Suryan bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Suryan argues that while his age and medical history (which includes respiratory illnesses throughout his childhood and early adulthood, and a severe case of bronchial pneumonia within the last several years) place him at higher risk of complications should he contract coronavirus-19 (COVID-19), he is not seeking compassionate release on those grounds. He indicates he has been fully vaccinated. Instead, Mr. Suryan argues that he has presented grounds for the Court to reduce his sentence based upon his extraordinary efforts at rehabilitation while he has been incarcerated, specifically that he has worked diligently to acquire the skills necessary to assist him in maintaining his sobriety, and that he has devoted himself to helping other inmates, particularly during the COVID-19 pandemic crisis. Dkt. 18.

      The government opposes Mr. Suryan's motion, arguing that he has failed to meet his burden to present an extraordinary or compelling reason supporting a reduction in his sentence. The government indicates Mr. Suryan's medical records from the Bureau of Prisons do not support any claim that he is particularly vulnerable to complications if he were to contract COVID-19, and that he has received treatment during his incarceration only for a hemangioma, near-sightedness, headaches, and knee pain and inflammation. Dkts. 23, 25.

      Addressing Mr. Suryan's principal argument that his post-offense efforts toward rehabilitation constitute an extraordinary and compelling reason to reduce his sentence, the government indicates that Congress has determined that rehabilitation alone does not constitute an extraordinary and compelling reason for a sentence reduction. 28 U.S.C. § 994(t). In response to Mr. Suryan's rehabilitation claim the government highlights Mr. Suryan's violation of his term of supervised release resulting in his current conviction for possession of controlled substances with intent to distribute, his use of methamphetamine during the period between his two federal convictions in 2014 and 2019, and his choice to decline a second opportunity to participate in RDAP. Dkts. 23, 25.

      While lauding Mr. Suryan's efforts in assisting other inmates during the pandemic, the government argues those efforts do not constitute an extraordinary or compelling reason to reduce his sentence. Dkt. 23. As noted by the government, "compassionate release…is an extraordinary and rare event." *United States v. Mangarella,* 2020 WL 1291835, at *2-3 (W.D.N.C. Mar. 16, 2020). The Court likewise applauds Mr. Suryan's rehabilitative efforts, but as presented they do not rise to or come close to circumstances to warrant the relief he requests.

      Mr. Suryan additionally contends that his period of incarceration, served during the time of Bureau of Prisons' COVID-19 restrictions, has presented harsher punishment and made this past year more difficult due to the lockdowns, restricted visitation and minimization of his opportunity to participate in Bureau of Prisons programming. As noted by the government, this is a generalized claim that every inmate who has been in

ORDER - 5

custody could claim and not unique to Mr. Suryan.  These conditions, while challenging, do not present an extraordinary and compelling reason to warrant his early release.

### D.  Safety of Others

The Court next turns to whether Mr. Suryan presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In exercising its discretion, the Court considers the nature and circumstances of the underlying offense, the weight of evidence against the defendant, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community.

Mr. Suryan argues that his post-offense rehabilitation demonstrates that he is less likely to engage in future criminal conduct.  Dkt. 18.  The government counters that given Mr. Suryan's extensive and serious criminal history, his past performance while on supervised release, and the seriousness of his current offense, there is no basis for the Court to conclude that he will not continue to pose a danger to others and the community. Dkt. 23.

The Court agrees once again with the government.  Mr. Suryan's past behavior clearly serves as the reason for this conclusion.  He was sentenced in this District on March 28, 2014 for bank fraud and aggravated identity theft, and released to commence a five-year term of supervised release on September 22, 2016.  By 2017 the Seattle Police Department received information that Mr. Suryan was involved with selling narcotics out of his residence.  By July 2018 he was observed facilitating a buy of 5.7 grams of methamphetamine, and in early December 2018 he was arrested for his participation in a drug trafficking organization.  Only a modest passage of time had occurred before Mr. Suryan was engaged in the illegal and dangerous drug trafficking business.  All of this conduct occurred while he was still on supervised release.  His rapid ascension into the

drug trade shortly after punishment and release gives this Court no confidence that he will not pose a safety danger to the community if early release is granted.

### E. Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Suryan's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). *See also United States v. Grimes*, No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing relevant factors).

Mr. Suryan indicates that the Court must reweigh the § 3553(a) factors to determine whether a sentence reduction is warranted, and that the Court must consider post-offense developments which may impact the Court's analysis. He suggests that his history and characteristics have changed significantly since his sentencing, specifically his efforts at rehabilitation and work with other inmates as noted above. He also highlights that the conditions of his confinement during the pandemic, which have included severe lockdown measures to mitigate the spread of the virus, have resulted in a sentence that is far more punitive than the Court contemplated at the time it was imposed in this matter. Dkt. 18.

The government suggests that a reweighing of the § 3553(a) factors does not support Mr. Suryan's release. The government argues that even if Mr. Suryan's efforts at rehabilitation were relevant to the Court's analysis, his efforts are not enough to overcome the seriousness of his crime and his continuing danger to others and to the community. Dkt. 23. The Court agrees with this assessment.

///
///
///
///
///
///

## III. CONCLUSION

For the foregoing reasons, Defendant Michael Suryan's motion for compassionate release is **DENIED**.

DATED this 10th day of August 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 8